IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMMY CARL NELSON JR., | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 1:21-cv-00167 |
| v. | § | |
| | § | |
| BRYAN COLLIER, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, DARREN WALLACE, | § | |
| MARK W. STILES UNIT, JOHN | § | |
| DOES 1-3, DEANTHONY | § | |
| RUSSELL, ERIC WATSON, | § | |
| TERRY DIXON, TERRY | § | |
| ROSEMOND, AND TYRIEKUS | § | |
| EDWARDS | § | |
| *Defendant*. | § | JURY TRIAL DEMANDED |

### PLAINTIFF'S THIRD AMENDED COMPLAINT

In Response to Defendant Bryan Collier's Motion to Dismiss, Plaintiff Sammy Carl Nelson Jr. files this Third Amended Complaint, amending his complaint to remove Defendant Bryan Collier from this lawsuit and revise service of Defendants Mark W. Stiles Unit, Darren Wallace, Gabriel Joseph, and Henry Brown.

### Procedural History

This is a civil rights violation lawsuit. Defendants Darren Wallace, Mark W. Stiles Unit, Gabriel Joseph, and Henry Brown refuse to accept service unless the Texas Attorney General is added as a party in the suit. Therefore, Plaintiff files this amended complaint adding the Office of Attorney General of Texas individually and for service of Defendants Darren Wallace, Mark W. Stiles Unit, Gabriel Joseph, and Henry Brown to the lawsuit.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction because this is a lawsuit for monetary damages and is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution for violations of constitutional rights by Defendants.

2.      Jurisdiction is founded on 28 U.S.C. § 1331 and 1343 and the aforementioned statutory and Constitutional provisions. A state law claim for negligence and assault is alleged as well. Plaintiff invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to consider the state law claims.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as the events or omissions giving rise to the claims occurred in this judicial district.

## Parties

4.      Plaintiff Sammy Carl Nelson Jr. is an individual who is confined to the custody and care of the Texas Department of Criminal Justice.

5.      Defendant Texas Department of Criminal Justice ("TDCJ")as an agency of the State of Texas is subject to suit for personal injuries caused by the negligent and wrongful acts and omissions of an employee of Texas while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

6.      Defendant Darren Wallace is the director of Mark W. Stiles Unit, an agency of the State of Texas, is subject to suit for personal injuries caused by the negligent and wrongful acts and omissions of an employee of Texas while acting within the course and scope of their office or

employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. Service of said Defendant can be affected by personal delivery or by whatever means available through Federal Rules of Civil Procedure.

7.     Defendant Mark W. Stiles Unit as an agency of the State of Texas is subject to suit for personal injuries caused by the negligent and wrongful acts and omissions of an employee of Texas while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. Service of said Defendant can be affected by personal delivery by and through the Texas Department of Criminal Justice, Office the Attorney General, or by whatever means available through Federal Rules of Civil Procedure.

8.     Defendant Gabriel Joseph is a correctional officer of Mark W. Stiles Unit and is subject to suit for personal injuries caused by his negligent and wrongful acts. Service of said Defendant can be affected by personal delivery or by whatever means available through Federal Rules of Civil Procedure.

9.     Defendant Sergeant Henry Brown is a correctional officer of Mark W. Stiles Unit and is subject to suit for personal injuries caused by his negligent and wrongful acts. Service of said Defendant can be affected by personal delivery or by whatever means available through Federal Rules of Civil Procedure.

10.     Defendant Office of The Attorney General as an agency of the State of Texas is subject to suit for personal injuries caused by the negligent and wrongful acts and omissions of an employee of Texas while acting within the course and scope of their office or employment, under

the circumstances where the Defendant, if a private person, would be liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

11.     Defendants John Does 1-3 are employees of Mark W. Stiles Unit, an agency of the State of Texas, and are subject to suit for personal injuries caused by their negligent and wrongful acts and omissions while acting within the course and scope of their office or employment.

12.     Defendant DeAnthony Russell is an inmate of Mark W. Stiles Unit and is subject to suit for personal injuries caused by his negligent and wrongful acts.

13.     Defendant Eric Watson is an inmate of Mark W. Stiles Unit and is subject to suit for personal injuries caused by his negligent and wrongful acts.

14.     Defendant Terry Dixon is an inmate of Mark W. Stiles Unit and is subject to suit for personal injuries caused by his negligent and wrongful acts.

15.     Defendant Terry Rosemond is an inmate of Mark W. Stiles Unit and is subject to suit for personal injuries caused by his negligent and wrongful acts.

16.     Defendant Tyriekus Edwards is an inmate of Mark W. Stiles Unit and is subject to suit for personal injuries caused by his negligent and wrongful acts.

17.     At all times material to this action, Defendants Texas Department of Criminal Justice, Darren Wallace, Mark W. Stiles Unit, and Office of The Attorney General were responsible for the supervision, training and coordination of TDCJ employees acting on behalf of the agency in an official capacity.

## FACTUAL BACKGROUND

18.     On May 25, 2019, Mr. Nelson was under the care, custody, and control of Defendant TDCJ at the Mark W. Stiles Unit. Mr. Nelson was violently beaten. A witness's account is that correctional officers of Mark W. Stiles Unit perpetrated the assault. Officials of Mark W.

Stiles unit allege that fellow inmates DeAnthony Russell (#2034635), Eric Watson (#2129759), Terry Dixon (#1306200), Terry Rosemond (#2096073), and Tyriekus Edwards (#1871616) perpetrated the attack. It is undisputed that Mr. Nelson was left beaten and unconscious for over an hour.

19.     At the time of the occurrence of the act in question and immediately prior thereto, Mr. Nelson was in the care, custody, and control of Defendants.

20.     Mr. Nelson was immediately transported by ambulance to the hospital where he was hospitalized for several weeks.

21.     Mr. Nelson remained in an intensive care unit in a coma for several weeks.

22.     Mr. Nelson suffers from permanent disabilities.

## PROXIMATE CAUSE

23.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages set forth herein.

### FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]
### EIGHTH AMENDMENT
### CRUEL AND UNUSUAL PUNISHMENT

24.     Plaintiff incorporates by reference herein all allegations set forth above.

25.     The acts and events set forth above constitute negligent and wrongful acts and omissions of agents and employees of Defendants Texas Department of Criminal Justice and/or Mark W. Stiles Unit.

26.     Defendants, Texas Department of Criminal Justice, Darren Wallace, Mark W. Stiles Unit, Gabriel Joseph, Sergeant Henry Brown, Office of The Attorney General, and John

Does 1-3, through their policies, practices, acts and omissions, exhibit deliberate indifference to the safety and abuse of MR. NELSON in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

27.     Defendants, through their policies, practices, acts and omissions, subjected Plaintiff MR. NELSON to the unnecessary and wanton infliction of pain, and emotional and physical injury in violation of the Eighth Amendment to the United States Constitution.

28.     With deliberate indifference to the substantial risk of serious harm to the Plaintiff, MR. NELSON, Defendants failed to appropriately hire, train, assign, discipline, and supervise staff, subjecting the Plaintiff to physical abuse and harassment by its officers in violation of the Eighth Amendment of the United States Constitution.

29.     With deliberate indifference to the substantial risk of serious harm to the Plaintiff, Defendants failed to appropriately to ensure plaintiff's safety, subjecting the Plaintiff to physical abuse and harassment by staff and verbal abuse in violation of the Eighth Amendment of the United States Constitution.

30.     With deliberate indifference to the substantial risk of serious harm to the Plaintiff, Defendants failed to offer and provide adequate medical treatment to MR. NELSON although he reported and/or suffered from significant abuse, and trauma, subjecting the Plaintiff to serious emotional and mental injury in violation of the Eighth Amendment of the United States Constitution.

<u>SECOND CAUSE OF ACTION</u>

**VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]**
**14th AMENDMENT**
**DEPRAVATION OF CIVIL MGHTS UNDER COLOR OF STATE LAW**

31.     Paragraphs 1 through 31 are hereby incorporated by reference and realleged in their entirety.

32.     The actions of Defendants, Texas Department of Criminal Justice, Mark W. Stiles Unit, Gabriel Joseph, Sergeant Henry Brown, and Office of The Attorney General constitute a deprivation of MR. NELSON'S bodily integrity, which is a right protected by the Fourth and Fourteenth Amendment to the U.S. Constitution. At all times relevant herein, the conduct of all Defendants was subject to the constitution and laws of the United States; with violations and remedies sought pursuant to 42 U.S.C. 1983.

33.     Moreover, the supervisory officials, Texas Department of Criminal Justice, Darren Wallace of Mark W. Stiles Unit, Gabriel Joseph, Sergeant Henry Brown, and Office of The Attorney General: (1) failed to supervise or train the officers; (2) a causal connection existed between the failure to supervise or train and the violation of the Plaintiff's rights, (3) such failure to supervise or train amounted to gross negligence or deliberate indifference.

34.     Further, Defendants Texas Department of Criminal Justice, Mark W. Stiles Unit, and Office of The Attorney General have a general duty to protect the substantive due process right of bodily integrity for a person in custody such as MR. NELSON.

35.     Plaintiff, MR. NELSON, has a general right, pursuant to the Fourth and Fourteenth Amendments of the United State Constitution, to a protected liberty and privacy interest, and to be free from intrusion of his body by persons acting under color of law.

### THIRD CAUSE OF ACTION

### ASSAULT AND BATTERY

36.     Paragraphs 1 through 36 are hereby incorporated by reference and re-alleged in their entirety.

37.     By their actions, Defendants Does 1-3 and/or Defendants DeAnthony Russell, Eric Watson, Terry Dixon, Terry Rosemond, Tyriekus Edwards, and/or Gabriel Joseph and Sergeant Henry Brown intentionally and knowingly caused bodily injury to Plaintiff. Therefore, Defendants' actions constitute assault and battery under the law of the State of Texas and are actionable under 42 U.S.C. 1983.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

38.     Plaintiff incorporates by reference all allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

39.     Defendants Texas Department of Criminal Justice, Darren Wallace, Mark W. Stiles Unit, Gabriel Joseph, and Sergeant Henry Brown owed a legal duty to Mr. Nelson, they breached that duty, and the breach proximately caused MR. NELSON's injury.

40.     Defendants Texas Department of Criminal Justice, Darren Wallace, Mark W. Stiles Unit, Gabriel Joseph, Sergeant Henry Brown, and Office of The Attorney General had a legal duty to follow the procedures and policies outlined in its plan for monitoring persons who are being held in custody at the Texas Department of Criminal Justice and Mark W. Stiles Unit facilities. These policies and procedures specified that Mr. Nelson was not to be left alone unmonitored for extensive periods of time and that there was to be supervision of the inmates being held in custody.

41.     Because the Defendants, Texas Department of Criminal Justice, Darren Wallace, Mark W. Stiles Unit, Gabriel Joseph, Sergeant Henry Brown, and Office of The Attorney General failed to follow these policies and procedures, Mr. Nelson was left alone and on the occasion in question brutally beaten by Gabriel Joseph, Sergeant Henry Brown, Does 1-3, or  Defendants

DeAnthony Russell, Eric Watson, Terry Dixon, Terry Rosemond, and Tyriekus Edwards, which caused significant physical and emotional injury and as such, Defendants were negligent thereby.

42.     In addition, Texas Department of Criminal Justice and Mark W. Stiles Unit by and through their employees, including and especially Gabriel Joseph, Sergeant Henry Brown, and Does 1-3, also had a duty to keep Mr. Nelson safe and free from injury. Defendants failed to do so and were negligent thereby.

**FIFTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

43.     Plaintiff incorporates by reference all allegations in paragraphs 1 through 43 above with the same force and effect as if herein set forth.

44.     Defendants, Texas Department of Criminal Justice, Darren Wallace, Mark W. Stiles Unit, Gabriel Joseph, Sergeant Henry Brown, Office of The Attorney General, John Does 1-3, DeAnthony Russell, Eric Watson, Terry Dixon, Terry Rosemond, and Tyriekus Edwards, intentionally or recklessly, proximately caused the severe emotional distress of Mr. Nelson, through conduct which was extreme and outrageous. Such acts and omissions satisfy the standards for intentional infliction of severe emotional distress thereby.

**RESPONDENT SUPERIOR**

45.     Each and every one of the foregoing allegations of acts and omissions was a cause of actual damages to Plaintiff. As such, Defendants Texas Department of Criminal Justice and Mark W. Stiles Unit is further liable for the negligent acts and omissions of their employees, contractors and agents, under the doctrine of respondent superior.

**DAMAGES**

46.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Nelson was caused to suffer personal injuries, and to incur the following damages, for which he seeks monetary relief:

      a.   The physical pain and mental anguish in the past and future;

      b.   The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

      c.   Physical impairment in the past and future;

      d.   The physical pain and suffering in the past and future; and

      e.   Physical disfigurement in the past and future.

### JURY DEMAND

47.     Pursuant to the Seventh Amendment to the U.S. Constitution and Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury.

### RIGHT TO AMEND COMPLAINT

48.     Plaintiff reserves the right to amend this Complaint.

### PRAYER FOR RELIEF

49.     Based on the foregoing, Plaintiff Sammy Carl Nelson Jr. respectfully prays that he have and recover judgment in his favor against the Defendants as for the following:

      a.   The damages set forth above in paragraph 47;

      b.   reasonable attorney's fees for this action and for any and all appeals in this matter;

      c.   pre- and post-judgment interest as allowed by law;

      d.   costs of court and expert fees for prosecuting Plaintiff's claim; and

e.      such other and further relief to which Plaintiff may be justly entitled.

Date:   May 24, 2021

Respectfully submitted,

**THE HADI LAW FIRM PLLC**

By: _____
Husein Hadi
Texas Bar No. 24067641
Federal Bar No. 3158414
Sedrick Stagg
Texas Bar No. 24102815
Federal Bar No. 3158414
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Telephone: (832) 433-7977
Facsimile: (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2021, a copy of the foregoing instrument was served all counsel of record via the Court's ECF system.

By: _____
Husein Hadi

Plaintiff Nelson's Original Complaint—Page 11 of 11