IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMMY CARL NELSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv167 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Sammy Carl Nelson, Jr., an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, with the assistance of counsel, brings this lawsuit pursuant to 42 U.S.C. § 1983 against Bryan Collier, the Texas Department of Criminal Justice, Darren Wallace, the Mark W. Stiles Unit, John Does 1-3, Deanthony Russell, Eric Watson, Terry Dixon, Terry Rosemond, and Tyriekus Edwards.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

In his Fourth Amended Complaint, plaintiff asserts that on May 25, 2019, while he was confined at the Mark W. Stiles Unit, he was violently beaten by five fellow inmates. Plaintiff alleges that, according to a witness, correctional officers at the unit perpetrated the assault. Plaintiff states he was immediately transported by ambulance to the hospital where he remained in the intensive care unit in a coma for several weeks. Plaintiff alleges he now suffers permanent disabilities.

The Motion to Dismiss

Pending before the court is a motion to dismiss by defendant the Texas Department of Criminal Justice ("TDCJ"). (ECF No. 28). The defendant asserts that plaintiff's claims against the agency should be dismissed pursuant to FED. R. CIV. P. 12(b)(1). The defendant's motion asserts

that plaintiff's claims against the TDCJ should be dismissed for lack of subject matter jurisdiction because the agency is entitled to immunity under the Eleventh Amendment.

## Standard of Review

*Federal Rule of Civil Procedure 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of Plaintiff's complaint. FED. R. CIV. P. 12(b)(1). The Rule allows a party to challenge the subject-matter jurisdiction of a district court based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting the existence of jurisdiction bears the burden of proof once a court's subject-matter jurisdiction is challenged. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Eleventh Amendment Immunity*

Here, plaintiff sued the Texas Department of Criminal Justice as a defendant. Sovereign immunity prohibits "private suits against nonconsenting states in federal court." *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *cert. denied*, 141 S.Ct. 1047 (2021). The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Lewis v. University*

*of Texas Medical Branch at Galveston*, 665 F. 3d 625,630 (5th Cir. 2011) (UTMB is immune from suit); *Harris v. Angelina County, Texas*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) (TDCJ is immune from suit). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Department of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." The Supreme Court upheld the dismissal of the Michigan Department of State Police and its Director sued in his official capacity. *Id.* The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering § 1983 money damages from [state] officers in their official capacity." *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). This immunity extends to lawsuits for injunctive relief as well as for monetary damages. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002). Here, as the Eleventh Amendment bars recovery regarding plaintiff's claims against defendant TDCJ, the defendant's motion to dismiss should be granted.

## Recommendation

The defendant's motion to dismiss (ECF No. 28) should be granted. Therefore, plaintiff's claims against defendant TDCJ should be dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

    SIGNED this 1st day of March, 2024.

                                                    Zack Hawthorn
                                                    United States Magistrate Judge