IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMMY CARL NELSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv167 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Sammy Carl Nelson, Jr., an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, with the assistance of counsel, brings this lawsuit pursuant to 42 U.S.C. § 1983 against Bryan Collier, the Texas Department of Criminal Justice, Darren Wallace, the Mark W. Stiles Unit, John Does 1-3, Deanthony Russell, Eric Watson, Terry Dixon, Terry Rosemond, and Tyriekus Edwards.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

In his Fourth Amended Complaint, plaintiff asserts that on May 25, 2019, while he was confined at the Mark W. Stiles Unit, he was violently beaten by five fellow inmates. Plaintiff alleges that, according to a witness, correctional officers at the unit perpetrated the assault. Plaintiff states he was immediately transported by ambulance to the hospital where he remained in the intensive care unit in a coma for several weeks. Plaintiff alleges he now suffers permanent disabilities.

The Motion to Dismiss

Pending before the court is a motion to dismiss by defendant Darren Wallace. (ECF No. 29). The defendant asserts that plaintiff's claims against him in his official capacity for damages, injunctive relief, and for negligence should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Additionally, the defendant asserts that plaintiff's individual capacity claims against him should be

dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief may be granted and because he is entitled to qualified immunity.

## Standard of Review

*Federal Rule of Civil Procedure 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of Plaintiff's complaint. FED. R. CIV. P. 12(b)(1). The Rule allows a party to challenge the subject-matter jurisdiction of a district court based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting the existence of jurisdiction bears the burden of proof once a court's subject-matter jurisdiction is challenged. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

*Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the Plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the Plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly,* 550 U.S. at 555.

*Qualified Immunity*

The doctrine of qualified immunity affords protection to officials against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Federal courts have traditionally used a two-step test to determine whether the defendants are entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must consider whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.* Second, if a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Id.* "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987), *internal citations omitted)*. "[A] state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2004). A plaintiff must prove that the officer's actions were objectively unreasonable within that legal context. *See Saucier*, 533 U.S. at

206; *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998). The Supreme Court recently held that the rigid structure of *Saucier* is no longer required and that the "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).

Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Eleventh Amendment Immunity*

Defendant Wallace moves to dismiss plaintiff's claims against him in his official capacity and for injunctive relief as barred by the Eleventh Amendment. Sovereign immunity prohibits "private suits against nonconsenting states in federal court." *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *cert. denied*, 141 S.Ct. 1047 (2021). The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Lewis v. University of Texas Medical Branch at Galveston*, 665 F. 3d 625, 630 (5th Cir. 2011) (UTMB is immune from suit); *Harris v. Angelina County, Texas*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) (TDCJ is immune from suit). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Department of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court held that

"neither a State nor its officials acting in their official capacities are 'persons' under § 1983." The Supreme Court upheld the dismissal of the Michigan Department of State Police and its Director sued in his official capacity. *Id.* The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering § 1983 money damages from [state] officers in their official capacity." *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). This immunity extends to lawsuits for injunctive relief as well as for monetary damages. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002). Here, as the Eleventh Amendment bars recovery regarding plaintiff's claims against defendant Wallace in his official capacity and for injunctive relief. Accordingly, the defendant's motion to dismiss should be granted.

*Negligence Claim*

Next, defendant Wallace moves to dismiss plaintiff's negligence claim brought against him under the Texas Tort Claims Act ("TTCA"). Defendant Wallace claims the TTCA does not waive sovereign immunity in federal court; thus, this court lacks subject matter jurisdiction over plaintiff's claims against him. Further, defendant Wallace claims the TTCA is barred by section 101.106(f) of the TCCA and must be dismissed.

The Texas Tort Claims Act ("TTCA") constitutes a limited waiver of sovereign immunity for certain torts, but suit must be brought in state court. TEX. CIV. PRAC. & REM. CODE Ann. § 101.102 (reading that "[a] suit under this chapter shall be brought in state court"). However, a state's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity of the state in the federal courts. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 n.9 (1984).

Even assuming plaintiff named the proper defendant in this case, in order to overcome the agency's entitlement to sovereign immunity, plaintiff is required to plead facts that rise to the level of gross negligence and show that his injuries were directly caused by "a condition or use of tangible personal or real property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). Plaintiff has pleaded only claims of negligence against Defendant Wallace in this action. Thus, plaintiff's complaint fails

to state facts sufficient to overcome the defendant's entitlement to sovereign immunity from his claim. Accordingly, this court lacks subject matter jurisdiction to adjudicate plaintiff's claims, and the claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

Further, the Election of Remedies provision of § 101.106 of the TTCA provides that:

> If a suit is filed against an employee of a governmental unit based on the conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit on or before the 30th day after the motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106(f).

Defendant Wallace was acting within the scope of his employment as a TDCJ official at the time incident which forms the basis of this complaint. Pursuant to the TTCA § 101.106(f), plaintiff's state law tort claims against Defendant Wallace are against him in his official capacity only, and as such, could have been brought against the State of Texas, regardless of the fact that the TCCA does not waive sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *see also Franka v. Velasquez*, 332 S.W.3d 367, 381-83 (Tex. 2011). Accordingly, Plaintiff cannot maintain a state law negligence action against Defendant Wallace.

*Supervisory Liability*

Next, the defendant moves to dismiss the claims against him because plaintiff sues him in his supervisory capacity as the "director" of the Stiles Unit, the unit to which plaintiff was assigned. The defendant contends plaintiff does not allege any facts suggesting that he was personally involved in the events giving rise to his claims.

In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1990). Plaintiff has not alleged defendant participated in the alleged acts of misconduct. The only way he could possibly be implicated in these claims is through his supervisory capacity. Under 42 U.S.C. § 1983, supervisory officials are not liable for

subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* 828 F.2d at 304. Neither condition is satisfied in the present action. Accordingly, plaintiff's claims against defendant Wallace fail to state a claim upon which relief may be granted. As plaintiff has failed to establish a constitutional violation, the defendant is entitled to qualified immunity. Therefore, the defendant's motion to dismiss should be granted.

## Recommendation

Defendant Wallace's motion to dismiss (ECF No. 29) should be granted. Therefore, plaintiff's claims against him should be dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 4th day of March, 2024.

_____
Zack Hawthorn
United States Magistrate Judge